# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA HELANDER, a.k.a. TINA KINSTOF,<br><br>                                            Plaintiff,<br>  vs.<br>DR. ANDY HOANG, PACIFIC DENTAL SERVICES, ESCONDIDO DENTAL GROUP, and DOES 1-100,<br><br>                                            Defendants. | CASE NO. 06CV1626 WQH (LSP)<br><br>ORDER RE: DEFENDANTS' MOTION TO DISMISS |

HAYES, Judge:

      Pending before the Court are Defendants' motion to dismiss (Doc. # 4), motion for a more definite statement (Doc. # 4) and motion to strike (Doc. # 5). The Court finds these matters suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## ALLEGATIONS OF THE COMPLAINT

      From February 2001 to August 2005, Defendant Pacific Dental Services employed Plaintiff Tina Helander (Plaintiff) as a dental assistant and treatment coordinator. *Complaint*, ¶ 6. During that time, and specifically in the spring of 2004, Plaintiff worked for Defendant Escondido Dental Group pursuant to an express or implied contract for employment. *Compl*., ¶¶ 6, 16. While at Escondido Dental Group, Plaintiff worked under Defendant Dr. Andy Hoang. *Compl*., ¶ 6. Defendant Pacific Dental Services is a corporation which operates in California, Nevada, and Arizona. *Compl*., ¶ 1. Defendant Escondido Dental Group is an organization which operates in California. *Compl*., ¶ 2.

1         While working for Escondido Dental Group, Plaintiff recommended various treatment options
2 to patients as part of her employment. *Compl.*, ¶ 7. According to the Complaint, however, Defendants
3 asked Plaintiff to lie to patients regarding which treatments were required, and further, Defendants
4 asked Plaintiff to recommend, coerce, or require patients to purchase goods or treatments which were
5 more costly and not medically necessary. *Compl.*, ¶ 7. Whenever "any goods or over treatments were
6 questioned by an insurance company or patient," Defendants asked Plaintiff to lie and "to characterize
7 the over treatment or over billing as a mistake." *Compl.*, ¶ 7. Plaintiff performed the allegedly
8 fraudulent acts with the understanding that her job at Pacific Dental Services required them, and she
9 received additional compensation of $125.00 per month for performing the fraudulent acts. *Compl.*,
10 ¶ 8.

11         At some point during Plaintiff's employment, Plaintiff questioned whether she should continue
12 to perform the fraudulent acts. *Compl.*, ¶ 8. As a result, Defendants reprimanded and disciplined
13 Plaintiff for failing to follow her employer's instructions. *Compl.*, ¶ 8. Thereafter, Plaintiff
14 discovered that Defendants billed insurance companies for procedures which were never performed,
15 and "brought the matter before her supervisors to insure they were aware of the practice." *Compl.*,
16 ¶ 9. After bringing this information to Defendants attention, Defendants began to harass Plaintiff
17 through discipline. *Compl.*, ¶ 9. Among other things, Defendants disciplined Plaintiff for (1) "failing
18 to conduct herself in a professional manner," (2) "gossiping," and (3) wearing inappropriate clothing.
19 *Compl.*, ¶ 9. According to the Complaint, Defendants disciplined Plaintiff in retaliation for Plaintiff's
20 "refusing to participate and/or propagate" in Defendants fraudulent billing scheme. *Compl.*, ¶ 10.

21         On August 12, 2005, Defendants terminated Plaintiff's employment because she refused to
22 partake in Defendants' fraudulent practices. *Compl.*, ¶¶ 12, 21. As a result of Defendants conduct,
23 Plaintiff suffered damages, including humiliation, embarrassment, harassment, mental anguish, lost
24 wages, and attorney fees. *Compl.*, ¶¶ 13, 21.

25         **STANDARD OF REVIEW**

26         A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La*
27 *Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may not be dismissed for failure to state
28 a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of

1  facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46
2  (1957). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the
3  light most favorable to the plaintiff, and further, must accept as true all material allegations in the
4  complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d
5  1023, 1028 (9th Cir. 2003). In considering a Rule 12(b)(6) dismissal, a court may not look beyond
6  the complaint. *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

## DISCUSSION

Plaintiff's Complaint asserts state causes of action for tortious termination in violation of public policy and breach of contract, as well as a federal cause of action for wrongful termination in violation of 29 U.S.C. § 215. (Doc. # 1). Defendants contend that Plaintiff's claims for breach of contract and wrongful termination should be dismissed for failing to state a claim. Specifically, Defendants contend that Plaintiff's failure to allege the existence of a contract, the terms of the contract, and the parties to the contract render Plaintiff's breach of contract claim infirm, while Plaintiff's failure to allege that she filed a complaint with Defendants precludes her stating a claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215. Defendants also contend that Plaintiff's claim under the FLSA does not relate to the subject matter of the FLSA, and therefore cannot state a claim under the Act as a matter of law.

### *I. Fair Labor Standards Act*

Pursuant to § 215(a)(3) of the FLSA, it is unlawful for any person to,

> discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding *under or related to this Act* [29 U.S.C. §§ 201 et seq. . . .], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3) (Emphasis added.). Thus, according to the plain language of the statute, a person must file a complaint or institute a proceeding under or related to the FLSA in order to state a claim for relief under 29 U.S.C. § 215(a)(3). Defendants contend that Plaintiff has not filed a complaint under or related to the Act. In support, Defendants contend that Plaintiff's claim of retaliation was based on her unwillingness to participate in fraud, a subject unrelated to the FLSA. In responding to Defendants' motion to dismiss, Plaintiff argues that the FLSA extends to all unlawful

activities.

In 29 U.S.C. § 202, Congress outlined the policy and purpose behind the FLSA. Therein, Congress noted the problems and costs to commerce and the United States of "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers," and declared it to be the policy of the FLSA to eliminate such conditions. 29 U.S.C. § 202. Using the policy as a guide, and reading the FLSA as a whole, courts have indicated that the central purpose of the FLSA is to achieve "certain minimum labor standards" and to "legislate against conditions detrimental to a minimum standard of living." *Mitchell v. Robert DeMario Jewelry, Inc*, 361 U.S. 288, 292 (1960); *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 575-76 (1942); *see also A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945) (The Fair Labor Standards Act was designed 'to extend the frontiers of social progress' by 'insuring to all our able-bodied working men and women a fair day's pay for a fair day's work'); *Lambert v. Ackerley*, 180 F.3d 997, 1003-04 (9th Cir. 1999). Indeed, a full reading of the FLSA reveals that the Act specifically targets minimum wages and maximum work hours as the primary mode of protecting American workers from sub-par working conditions. *See* 29 U.S.C. §§ 204 (creating Wage and Hour Division within the Department of Labor), 206 (creating minimum wage), 207 (limiting the number of hours a worker can work), 212 (child labor provisions), and 213 (exceptions to minimum wage and maximum hour regulations).

In accordance with the purposes of the FLSA, and certainly in line with the statutory scheme, the vast majority of cases which have stated claims under § 215(a)(3) of the FLSA have involved employee complaints and subsequent employer retaliation related to unpaid wages, hours worked, and overtime issues. *See e.g., Westbrook v. GES Exposition Services*, No. 2:05-CV-00532-KJD-GWF, 2006 U.S. Dist. LEXIS 91398, at *3-4 (D. Nev. December 18, 2006) (unpaid wages and overtime); *Stein v. Rousseau*, No. CV-05-264-FVS, 2006 U.S. Dist. LEXIS 54939, *4-15 (E.D. Wash. August 8, 2006) (overtime); *Onken v. W.L. May Co.*, 300 F. Supp. 2d 1066, 1067 (D. Ore. 2004) (wage and hour claims); *Singh v. Jutla*, 214 F. Supp. 2d 1056, 1057 (N.D. Cal. 2002) (unpaid wages and overtime). Plaintiff's claim fails to allege a complaint made to Defendants regarding wages, hours, or overtime.

There is "ample support for the general proposition that the [FLSA] does not apply to every instance in which one suffers or is permitted to work notwithstanding that facially [the Act] would appear applicable." *Isaacson v. Penn Community Services, Inc.*, 450 F.2d 1306, 1309 (4th Cir. 1971). Indeed, state laws such as those Plaintiff cited in the Complaint protect wrongfully terminated employees in myriad situations not covered by the FLSA. Accordingly, and after a rigorous examination of the FLSA and the cases interpreting it, the Court concludes that Plaintiff's claim for retaliation based on her unwillingness to participate in alleged fraudulent practices does not fall under or relate to the FLSA.

As Plaintiff's claim for wrongful termination does not fall under or relate to the FLSA, Plaintiff has not alleged facts which if proven true would entitle her to relief under 29 U.S.C. § 215(a)(3). Accordingly, Defendants' motion to dismiss (Doc # 4) Plaintiff's claim for wrongful termination under 29 U.S.C. § 215(a)(3) is GRANTED.

## II. *Supplemental Jurisdiction*

Though F. R. Civ. P. Rule 8(a) requires every complaint to include "a short and plain statement of the grounds upon which the court's jurisdiction depends," Plaintiff's Complaint fails to provide a basis for jurisdiction. Presumably the Complaint assumed federal question jurisdiction based upon Plaintiff's claim under 29 U.S.C. § 215, however, it was not explicitly stated. The Complaint did not assert facts to support diversity jurisdiction pursuant to 28 U.S.C. § 1332. After reviewing the Complaint, the Court concludes that Plaintiff's claim for wrongful termination arose under 29 U.S.C. § 215, and therefore the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal question jurisdiction). Having dismissed the only claim over which the Court had original jurisdiction, however, the Court must decide whether to exercise supplemental jurisdiction over the remaining state law claims.

Though a district court may exercise supplemental jurisdiction over state law claims which are related to federal claims, a court may decline to exercise supplemental jurisdiction over state law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). As this case is in its early stages, and as the Court has dismissed the lone claim which provided original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state

law claims.

## CONCLUSION

**IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss (Doc. # 4) is GRANTED.

2. Defendants' motion for a more definite statement (Doc. # 4) is DENIED as moot.

3. Defendants' motion is strike (Doc. # 5) is DENIED as moot.

4. Plaintiff may file an amended complaint within 30 days of the filing of this Order. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of the Court to enter judgment in favor of Defendants.

**IT IS SO ORDERED**.

DATED: January 23, 2007

**WILLIAM Q. HAYES**
United States District Judge