# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA HELANDER, a.k.a. TINA KINSTOF, | CASE NO. 06CV1626 WQH (LSP) |
| Plaintiff, | ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION |
| vs. | |
| DR. ANDY HOANG, PACIFIC DENTAL SERVICES, ESCONDIDO DENTAL GROUP, and DOES 1-100, | |
| Defendants. | |

HAYES, Judge:

Pending before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction. (Doc. # 24). The Court finds the matter suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## BACKGROUND & DISCUSSION

On August 11, 2006, Plaintiff filed the original Complaint in this matter, asserting federal and state claims for wrongful termination. (Doc. # 1). On October 2, 2006, Defendants moved to dismiss and strike the Complaint, (Docs. # 4, 5), and on January 23, 2007, this Court dismissed the federal cause of action for failure to state a claim upon which relief could be granted. (Doc. # 20). The Court declined to exercise supplemental jurisdiction over the state law claims. (Doc. # 20).

On February 23, 2007, Plaintiff filed a First Amended Complaint seeking damages for tortious termination in violation of state law. (Doc. # 22). The First Amended Complaint does not include a

1  short and plain statement of its jurisdictional basis, and it does not mention subject matter jurisdiction.
2  (Doc. # 22). On February 27, 2007, the Court ordered Plaintiff to show cause as to why the First
3  Amended Complaint should not be dismissed for lack of subject matter jurisdiction (Doc. # 23), and
4  on March 2, 2007, Defendants moved to dismiss on jurisdictional grounds. (Doc. # 24). On March
5  19, 2007, Plaintiff filed a response to the order to show cause, and indicated that she wished to re-file
6  her case in state court and did not object to dismissal of this federal court action. (Doc. # 26).

7  Unlike state courts, federal courts are courts of limited jurisdiction. *See* U.S. Const. art. III,
8  § 2. Federal courts "possess only that power authorized by the Constitution and statute," *Kokkonen*
9  *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and are "required *sua sponte* to examine
10 jurisdictional issues." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).
11 Plaintiff has the burden of demonstrating the basis for this Court's subject matter jurisdiction.
12 *Kokkonen*, 511 U.S. at 377; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810
13 (1986).

14  After reviewing the First Amended Complaint and the parties briefing on subject matter
15 jurisdiction, the Court concludes that it does not have subject matter jurisdiction over this suit. The
16 First Amended Complaint does not include a short plain statement of the basis for jurisdiction as
17 required by FED. R. CIV. P. 8(a)(1), and Plaintiff did not put forth evidence indicating subject matter
18 jurisdiction after the Court's order to show cause and Defendants' motion to dismiss. The Court
19 cannot identify a discernable basis for subject matter jurisdiction. Accordingly, Defendants' motion
20 to dismiss is GRANTED (Doc. # 24), and this case is dismissed for lack of subject matter jurisdiction.

21  **IT IS SO ORDERED**.
22 DATED: April 24, 2007

23                              *William Q. Hayes*
                                **WILLIAM Q. HAYES**
24                              United States District Judge